IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IRVIN FORREST JR.,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 1:20-CR-104 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant was charged with being a felon in possession of a firearm on November 4, 2020. Defendant pleaded guilty on April 13, 2021. Defendant was sentenced on July 7, 2021, and Judgment was entered that same day. Defendant submitted the instant Motion on May 27, 2025.

II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] 28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

---

[1] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (citation omitted).

1

is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

Judgment was entered in this case on July 7, 2021. Defendant did not file a direct appeal. Defendant's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired on July 21, 2021.[3] As a result, Defendant was required to submit his petition by July 21, 2022, for it to be considered timely under this provision. Defendant did not submit his Motion until May 27, 2025, making the Motion untimely.

Defendant makes no argument that his Motion is timely under the other provisions of § 2255(f). However, to the extent that Defendant argues that the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*[4] recognized a newly created right, the Tenth Circuit has rejected this position.[5] Moreover, the Tenth Circuit has rejected the claim that *Bruen* and other cases have invalidated Defendant's statute of conviction, 18 U.S.C. § 922(g)(1).[6] Based upon this, the Court finds that it is barred by the statute of limitations and fails on the merits.

---

[2] 28 U.S.C. § 2255(f).

[3] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) (providing for fourteen-day appeal period in criminal cases).

[4] 597 U.S. 1 (2022).

[5] *United States v. Barragan-Gutierrez*, 136 F.4th 998, 1002–05 (10th Cir. 2025).

[6] *See Vincent v. Bondi*, 127 F.4th 1263, 1265–66 (10th Cir. 2025).

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional circumstances."[7] "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[8] "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."[9]

Defendant provides no argument or evidence that could lead the Court to conclude that equitable tolling is appropriate here. Therefore, the Court will deny the Motion.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 39) is DENIED and DISMISSED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

---

[7] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted).

[8] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted).

[9] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted).

DATED this 4th day of August, 2025.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge